## Kathryn J. McHale, Plaintiff in Error, v. Martin J. McHale, Defendant in Error.

### Gen. No. 24,050.   (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding. Heard in this court at the March term, 1918. Writ of error dismissed. Opinion filed June 10, 1918. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill for divorce by Kathryn J. McHale, complainant, against Martin J. McHale, defendant. The bill was filed on the 4th day of October, 1915. The cause was tried before a jury and on November 16, 1917, the jury rendered a verdict in which it found the complainant not guilty of certain charges made against her in a supplemental cross-bill filed by defendant, and found defendant guilty of extreme and repeated cruelty towards complainant and not guilty as to certain other charges made against him in the bill. The record discloses that a decree had been entered in the cause in favor of complainant on February 10, 1916. On March 2, 1916, the court entered an order in the following form:

"On motion of solicitor for defendant, motion to vacate and set aside decree continued to March 8, 1916."

The decree of February 10, 1916, was vacated March 20, 1916. On November 26, 1917, the court, on motion of defendant, set aside the verdict of the jury entered November 16, 1917, and ordered a new trial of the cause.

To reverse the order setting aside the decree of February 10, 1916, complainant prosecutes this writ of error.

EDWARD J. KELLEY, for plaintiff in error.

JARVIS A. BLUME, for defendant in error.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 298*—*when may be vacated, altered or amended.* A trial court has no power to vacate, alter or amend its decree, except in matters of form, on a motion entered at a term subsequent to that at which the decree was entered.

2. JUDGMENT, § 296*—*when motion to vacate made during term.* Order of court *held* to show that a motion to vacate a decree was made during the term of the trial court at which it was entered.

3. APPEAL AND ERROR, § 1289*—*when assumed that rules of trial court were complied with.* In the absence of affirmative proof, the Appellate Court may assume that the rules of the trial court as to the manner of making motions not of course were complied with.

4. JUDGMENT, § 279*—*what is notice of pendency of motion to vacate.* The entry of a motion to continue a motion to vacate a decree is sufficient notice that the latter motion is pending and undisposed of.

5. NEW TRIAL, § 125*—*when action of trial court in granting not disturbed.* A court of review will interfere with the trial court's action in granting a new trial only where it appears that a manifest injustice has been done.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CCXI 26